UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CORNELL LORENZO SANDERS,

    Petitioner,

vs.      Case No. 2:08-cv-117-FtM-99SPC
            2:92-cr-113-FtM-34DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

    This matter comes before the Court on petitioner's § 2241 Habeas Corpus Petition (Cv. Doc. #1[1]) filed on February 13, 2008. Petitioner Cornell Lorenzo Sanders (Sanders or petitioner) moves, pursuant to 28 U.S.C. § 2241, for an order overturning his convictions and releasing him from custody. Petitioner filed an Amend[ed] Petition[er] Under 28 U.S.C. § 2241 (Cv. Doc. #9) on August 4, 2008. The government filed its Response (Doc. #11) on September 25, 2008, to which petitioner filed a Traverse Reply (Doc. #12) on October 6, 2008.

    On February 3, 2009, petitioner filed a Motion For Court to Authorize Investigation and Prosecution of the Assistant U.S. Attorney and Other Actors Pursuant to 18 U.S.C. § 1623 (Cv. Doc.

---

[1]Docket numbers referring to the criminal case are cited as (Cr. Doc.). Petitioner's current civil case will be referenced as (Cv. Doc.).

#13). Petitioner argues that the Assistant U.S. Attorney has made false statements by asserting there was an arrest warrant for petitioner when there was no such arrest warrant.

**I.**

On September 24, 1992, in Case Number 2:92-cr-113-FTM, Cornell Lorenzo Sanders (petitioner or Sanders) was charged by Indictment (Cr. Doc. #1) with possession with intent to distribute five grams or more of cocaine base (Count One). A Warrant For Arrest (Cr. Doc. #2) of petitioner was filed on September 25, 1992. On October 2, 1992, petitioner was arrested by the United States Marshal's Service (Cr. Doc. #9), and appeared before the Court for an initial appearance (Cr. Doc. #3). A detention hearing and arraignment were held on October 7, 1992, (Cr. Doc. #10), and petitioner was ordered detained without bond (Cr. Doc. #12).

On January 13, 1993, petitioner was charged in a Superceding Indictment (Cr. Doc. #37) with conspiracy to possess with intent to distribute cocaine base (crack cocaine) (Count One) and possession with intent to distribute cocaine base (crack cocaine) (Count Two). On January 20, 1993, the government filed an Information and Notice of Previous Convictions (Cr. Doc. #40) pursuant to 21 U.S.C. § 851. Petitioner was arraigned on the Superceding Indictment on January 20, 1993 (Cr. Doc. #41). A jury trial was held on February 22-23, 1993, and petitioner was found guilty of both counts. (Cr. Docs. ## 64, 69, 70.) On April 23, 1993, petitioner was sentenced to

life imprisonment on each count, the terms to run concurrently, followed by ten years of supervised release. (Cr. Doc. #94.)

A timely Notice of Appeal (Cr. Doc. #91) was filed. On November 9, 1994, the Eleventh Circuit Court of Appeals *per curiam* affirmed the convictions and sentences (Cr. Doc. #106; <u>United States v. Sanders</u>, 40 F.3d 388 (11th Cir. 1994)(Table)). On March 6, 1995, the United States Supreme Court denied a petition for writ of certiorari (Cr. Doc. #107). <u>Sanders v. United States</u>, 514 U.S. 1008 (1995).

On March 20, 1995, petitioner filed a Petition, Under Title 28, U.S.C., Pursuant to Civil Rule 60(b) (Cr. Doc. #108), which was denied on April 15, 1996 (Cr. Doc. #111.)

On November 1, 2004, the Eleventh Circuit denied petitioner's application for leave to file a second or successive motion under 28 U.S.C. § 2255 (Cr. Doc. #115.) The Eleventh Circuit stated that although petitioner claimed to have filed a § 2255 petition, a review of the docket did not verify such a filing. The Eleventh Circuit denied the application because it was unnecessary or, alternatively, because petitioner had not satisfied the applicable standard.

On December 17, 2004 and January 7, 2005, petitioner filed a Motion Requesting to File an Untimely Section 2255 Petition (Cr. Docs. #116, 117). On March 18, 2005, petitioner filed a petition for a Writ of Mandamus (Cr. Doc. #118). An Opinion and Order (Cr.

Doc. #121) filed on June 10, 2005, denied leave to file a § 2255 motion as untimely and denied the writ of mandamus as unwarranted and moot. The Court found that petitioner's convictions became final on March 8, 1995; that under the Antiterrorism and Effective Death Penalty Act of 1996 petitioner had until April 23, 1997 to file his § 2255 petition; that petitioner had not done so, and that there was no basis to toll the time period for the more than eight intervening years.

**II.**

Petitioner relies upon 28 U.S.C. § 2241 for the jurisdiction of the court to consider his petition.[2] The availability of habeas relief pursuant to 28 U.S.C. § 2241 is a question of law. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). The applicable legal principles are well settled:

> Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion. The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." [ ] The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. [ ]

---

[2]Petitioner also relies upon 18 U.S.C. § 3742, but that statute relates to an appeal to an appellate court, not a petition filed with a district court.

-4-

> The restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the AEDPA's successive-motion rule simply by filing a petition under § 2241. [ ] The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." [ ].

Dukes v. United States, 189 Fed. Appx. 850, 851 (11th Cir. 2006)(internal citations omitted).

In this case, petitioner did not file a timely § 2255 petition and the Court found that there was no basis to equitably toll the time period (Cr. Doc. #121). Petitioner has also not shown that he falls within the savings clause of § 2255. Petitioner claims that: the evidence presented at his trial was insufficient for conviction; he is actually innocent of the offenses; the government withheld a favorable tape recording; there was prosecutorial misconduct because information at trial did not match information given to the grand jury; there was knowing procurement and use of perjured testimony by the prosecution; there was ineffective assistance of counsel for failing to call certain witnesses; the conspiracy charge was non-existent because there were no co-defendants[3]; the undersigned should recuse himself because he

---

[3]The conspiracy count was charged under 21 U.S.C. § 846, not 18 U.S.C. § 371 as petitioner asserts. While there were no named co-
(continued...)

-5-

previously interfered with petitioner's appeals and does not like petitioner; the transcripts of the grand jury proceedings should be disclosed; the term of supervised release is contrary to law; the federal court lacks subject matter jurisdiction over the offenses; and the federal court lacked personal jurisdiction over petitioner because there was never any arrest warrant, complaint, or affidavit based on probable cause.  None of these claims fall within the savings clause.  Therefore, the Court has no jurisdiction to entertain petitioner's § 2241 petition.  Pursuant to <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990), the Court has considered all other possible bases for jurisdiction and finds none except to jurisdiction, discussed below.

### III.

The Court will consider the subject matter jurisdiction issue on the ground that such jurisdictional matters can always be raised by some vehicle.  <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002)(because jurisdiction means the court's statutory or constitutional power to adjudicate a case, "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); <u>United States v. Peter</u>, 310 F.3d 709, 712 (11th Cir. 2002)(jurisdictional error "can never be

---

³(...continued)
defendants in the Superceding Indictment, the offense elements are satisfied if the evidence reveals other co-conspirators, regardless of whether they are charged or ever convicted.  E.g., <u>United States v. Arbane</u>, 446 F.3d 1223, 1230 (11th Cir. 2006).

waived by parties to litigation."); <u>United States v. Harris</u>, 149 F.3d 1304, 1308 (11th Cir. 1998)(jurisdictional defects cannot be procedurally defaulted). Subject-matter jurisdiction defines the court's authority to hear a given type of case. <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir. 2000)(quoting <u>United States v. Morton</u>, 467 U.S. 822, 828 (1984)). Congress has conferred original jurisdiction of "all offenses against the laws of the United States" to the federal district courts. 18 U.S.C. § 3231. The two counts in the Superceding Indictment are drug offenses that are against the laws of the United States. 21 U.S.C. §§ 841(a)(1), 846. Congress has the authority to punish such conduct under Title 21, United States Code, based upon the Commerce Clause. <u>United States v. Lopez</u>, 459 F.2d 949 (5th Cir. 1972)[4]. The Commerce Clause authority includes the power to criminalize conduct which, although not committed while on federal property, has an actual impact on interstate commerce even if not crossing state lines. <u>Gonzales v. Raich</u>, 545 U.S. 1 (2005); <u>United States v. Bernard</u>, 47 F.3d 1101, 1102 (11th Cir. 1995).

Additionally, the Court had personal jurisdiction of petitioner because an Warrant For Arrest was issued and petitioner was brought before the Court. A copy of the Warrant For Arrest, both in its original form (Cr. Doc. #2) and as executed by the U.S.

---

[4] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Marshal (Cr. Doc. #9), is attached to this Opinion and Order. The fact that the arrest warrant was not in the files of the Department of Justice does not change the fact that it has always been contained in the court file. In any event, even the absence of an arrest warrant would not defeat personal jurisdiction. E.g., Arbane, 446 F.3d at 1225.

Accordingly, it is now

**ORDERED**:

1. The Motion For Court to Authorize Investigation and Prosecution of the Assistant U.S. Attorney and Other Actors Pursuant to 18 U.S.C. § 1623 (Cv. Doc. #13) is **DENIED**.

2. The § 2241 Habeas Corpus Petition (Cv. Doc. #1) is **DISMISSED**.

3. The Clerk of the Court shall enter judgment dismissing the petition and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of February, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Cornell Lorenzo Sanders